JIM BEARD V. THE STATE.

No. 9879.   Delivered Feb. 17, 1926.

1.—Possessing   Equipment   for   Manufacturing—Bills   of   Exception—
    Qualifications   of   Court—Appellant   Bound   By.

    Where appellant complains in numerous bills of exception of testimony of the state as to conditions surrounding and articles found in a search of appellant's premises by the officers, because such search was made without a search warrant, and the bills are qualified by the trial court with the statement that the officers making the search did have a search warrant, appellant having accepted the bills with this qualification, no error is presented.

2.—Same—Evidence—Properly   Admitted.

    Where appellant in a res gestae statement had acknowledged ownership of certain equipment found on a piece of land adjoining him there was no error in permitting the officers to testify as to what they found.

Appeal from the District Court of Titus County.   Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for possessing equipment for manufacturing intoxicating liquor.

The opinion states the case.

*John Cook* of Mt. Pleasant, and *B. B. Sturgeon* of Paris, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE,—Conviction in District Court of Titus County for possessing equipment for manufacturing intoxicating liquor, with punishment fixed at one year in the penitentiary.

Complaint is made of the failure of the court to give special charges on the law of circumstantial evidence.   The court below appears to have fully submitted the law of

this issue in the main charge, and we perceive no reason for giving the special charges.

Appellant's bills of exception Nos. 1, 3, 4, 6 and 7 relate to the admissibility of evidence of what was found by the officers conducting a search of appellant's premises. The contention of appellant is that this testimony was inadmissible under what is called the search and seizure act of the 39th Legislature. The statement of facts in this case reveals that the officers testified that they did have a search warrant and that they showed it to appellant's wife who was on the premises when they went there, and that she made no objection to what was done by them. The bills of exception above referred to are qualified by the learned trial court by saying that when this proof was offered he stated that he would exclude the testimony unless it was shown that a search warrant was had, and that the search warrant was produced and shown to the court, but was not read to the jury, and that he then permitted the evidence to remain before the jury. Said bills and each of them are accepted by appellant and must be considered by us in the light of the statements made by the trial court. We are aware of the fact that appellant makes certain contentions before this court in regard to the production and reception by the court of said search warrant, but said matters are not in such shape as that we can consider same. We are bound by the qualifications of the court attached to the bills which are accepted by the accused. As qualified the bills of exception present no error.

There is a bill of exceptions complaining that the officers were permitted to testify to what they found upon a piece of land adjoining that of appellant. There is nothing in the record to show that any one other than appellant was interested in the equipment found. His res gestae statements made regarding same at the time it was found seem amply sufficient to identify same as being under his control. He seemed to be under the impression that for the possession of such equipment he could only be prosecuted in the Federal court.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*